UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN CUNNINGHAM,

                                        Plaintiff,

                    -v-

PORT AUTHORITY OF NY/NJ AGENCY, et al.,

                                        Defendants.

---

23 Civ. 2542 (PAE) (JLC)

ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Benjamin Cunningham ("Cunningham") has been the subject of several filing injunctions in this District and Circuit. First, in August and September 2016, Judge Batts barred Cunningham "from filing any additional papers or lawsuits without permission of the Court" because of his "unauthorized, repetitive and frivolous" litigation in the District. *Cunningham v. USMS*, No. 05 Civ. 10169 (DAB), Dkt. No. 236, at 5 (S.D.N.Y. Aug. 2, 2016), *filing injunction reiterated*, Dkt. No. 250 (S.D.N.Y. Sept. 6, 2016), *appeal dismissed*, No. 16-3222 (2d Cir. Dec. 27, 2016). In May 2018, the United States Court of Appeals for the Second Circuit (the "Second Circuit") imposed a "leave-to-file sanction," which it deemed "appropriate, in light of [Cunningham's] litigation history." *Cunningham v. Bordley*, No. 17-2435 (2d Cir. May 10, 2018). In October 2018, then-Chief Judge McMahon imposed a filing injunction on Cunningham and restated Judge Batts's injunction, noting that failure to comply could result in sanctions and/or monetary penalties. *In re Benjamin Cunningham*, No. 17 Civ. 7809, Dkt. No. 20, at 3 (S.D.N.Y. Oct. 10, 2018).

In September 2022, Judge Furman dismissed an action transferred in from the District of New Jersey due to Cunningham's failure to explain why he should be allowed to litigate that

action in this District in light of the injunctions. *Benjamin Cunningham v. Port Auth. Agency of N.J. State and N.Y. State, et al.*, 22 Civ. 6236 (JMF), Dkt. 116 (S.D.N.Y. Sept. 28, 2022). Cunningham appealed Judge Furman's order of dismissal to the Second Circuit. *Id.*, Docket 118. On January 26, 2023, the Second Circuit dismissed Cunningham's appeal of that order, citing its own previously imposed filing injunction against Cunningham, holding that the appeal did "not depart from [Cunningham's] 'prior pattern of vexatious filings.'" *Cunningham v. Port Auth. Agency of N.J. State and N.Y. State, et al.*, No. 22-2653 (2d Cir. Jan. 26, 2023).

On October 29, 2019, Cunningham commenced the present *pro se* action, in the District of New Jersey, as he had in the earlier case before Judge Furman. On February 28, 2023, this matter was transferred here from the District of New Jersey. Dkt. 129. The dispute arises out of Cunningham's allegedly unlawful arrest and detention of Cunningham at the Port Authority Bus Terminal and 4 World Trade Center in New York City in April and May 2019. *See* Dkt. 76.

On April 21, 2023, Chief Judge Laura Taylor Swain ordered Cunningham to show cause, by declaration, "why the Court should allow [Cunningham] to litigate this action despite what appears to be his attempt to evade" filing injunctions "by initially filing this action in the District of New Jersey." Dkt. 129. On May 11, 2023, Cunningham filed a declaration. Dkt. 139.

On June 2, 2023, this matter was reassigned to this Court. On June 13, 2023, the Court ordered the appearing defendants in this matter, the City of New York and the New York Police Department, to respond to this declaration by June 21, 2023. Dkt. 145. Neither defendant did. Cunningham has since made several more filings, without permission of the Court. Dkts. 147–51.

The Court has reviewed Cunningham's declaration (and other filings). Even viewing these filings with the solicitude due a *pro se* party, these do not satisfy—or come close to

satisfying—Chief Judge Swain's directive to explain "why the Court should allow [Cunningham] to litigate this action despite what appears to be his attempt to evade the . . . filing injunction by initially filing this action in the District of New Jersey." Dkt. 129. The declaration, Dkt. 139, and Cunningham's other filings, Dkts. 130–33, 134–38, 40–42, cannot coherently be so read. The declaration, for example, essentially restates Cunningham's pleading, while adding claims from the case dismissed by Judge Furman. And while the declaration recounts the chronology of (and attaches) the filing injunctions and dismissals, it is conspicuously silent as to why leave to file would be appropriate, or explain why (other than as a means to avoid the filing injunctions in this District) Cunningham filed this matter in the District of New Jersey.

Because Cunningham has failed to show cause, the Court dismisses this action, without prejudice. *See* Dkt. 129 ("If [Cunningham] fails to comply with this order within the time allowed, and fails to show cause as to such failure, the Court will issue an order and judgment dismissing this action without prejudice, and denying all pending motions as moot . . . .").

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case and mail a copy of this order to Cunningham.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 25, 2023
      New York, New York

4